JOHN DOE, *ex dem.*, JONATHAN A. VIRGIN and another, plaintiffs in error, *vs.* RICHARD ROE, casual ejector, and CALVIN LAND, tenant, etc., defendants in error.

1. In 1847 a claimant entered upon a lot of land, cleared four or five acres, and planted it in peas, and built a corn crib—the next year he planted it in corn—he neither lived on or cultivated the land until in the fall of 1852, although he had some plows in the crib: *Held*, that this was not such a continuous possession as to constitute a statutory title.

2. Intention to continue possession of land, can only be demonstrated by acts which are open and notorious—they are not proven by secret or avowed purposes of the claimant.

Ejectment, in Wilcox Superior Court. Tried before Judge ALEXANDER A. ALLEN, at October Term, 1860.

This was an action instituted in the name of John Doe on the several demises of Jonathan A. Virgin and Robert Finley, against Richard Roe, casual ejector, and Calvin Land, tenant in possession, for the recovery of lot of land No. 107, in the 1st district of Wilcox county.

On the trial, the plaintiff proved that the land was loca-

ted in said county, and that Calvin Land was in possession of the same when the suit was commenced.

He also introduced the grant from the State to Jonathan A. Virgin, for said lot, dated 23d of May, 1842; also, a deed from Virgin to Robert Finley, dated 29th November, 1853, and recorded 5th July, 1854, and rested his case.

The defendant then introduced a deed from the sheriff of Irwin county to Samuel Young, for the land in dispute, which recited a sale of the same as the property of Thomas Marshall, under a *fi. fa.* in favor of John M. Warren vs. said Marshall. This deed was dated in September, 1846. He also introduced a deed from said Young to himself, dated in February, 1847, and recorded in 1858.

The defendant also proved, that very soon after he bought the land he went upon it, cleared and fenced four or five acres, and planted it in peas, and built a corn crib; that the next year he planted the cleared land in corn, and claimed the land as his own, and exercised acts of ownership over it, but that in 1851 and part of 1852, he neither lived on it or cultivated it, although he kept some plows in the crib part of the time; that in the fall of 1852 the defendant was married, and then built a house on the lot, and occupied it from that time up to the time of the trial; that prior to his marriage he lived with his father, and only cultivated the premises for two years prior to that time.

When the testimony and argument had closed, the presiding Judge, at the request of counsel for the plaintiff, charged the jury, "that to make defendant's title good under the Statute of Limitations, (which he had pleaded,) he must have been in the peaceable, quiet, uninterrupted, adverse and continuous possession of the land for seven years, under color of title, and that if he had abandoned the possession for any time during the seven years, that his title under the Statute of Limitations would not be good, and that his seven years did not begin to run until he re-took possession." The Court added to this charge, "that if the defendant entered upon the premises, upon the color of title, built a house and cleared land; if he did not intend to abandon it, although

he may not actually have occupied the premises, and cultivated the cleared land, his possession was still continuous, and intention was to be ascertained from all the facts of the case.

The jury found for the defendant, and counsel for plaintiff seeks a reversal of the judgment, on the ground of alleged error, in the Court, in adding to his charge as aforesaid.

C. B. COLE, for plaintiff in error.

SCARBOROUGH, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Calvin Land went into possession of this tract of land, under color of title, being a deed from Samuel Young to himself, in February, 1847. That year he cleared four or five acres, fenced it and sowed it in peas; the next year he planted it in corn, and built a crib. In 1849, 1850, 1851, and till the fall of 1852, the defendant did not cultivate the land, though he had some plows in the corn crib a part of that time.

He never, during this time, resided on the land, but lived with his father, being a single man. In the fall of 1852 he married, built a house, and moved on the land. We hold that this was not such a continuous possession of the land as to constitute a statutory title. For about one-half of the seven years he was not in the occupancy of the premises. And probably his marriage, at the end of that time, determined him to resume the possession of the land, which otherwise he would have abandoned altogether. Intention to continue the possession of the land can only be demonstrated by the acts, which are open and notorious. They are not to be proven by the secret or avowed purposes of the claimant.

These, unattended with notorious acts, amount to nothing; but here no such intention, even, was proven. We think the Judge should have given the charge asked, without qualification, and that the undisputed facts in this case do not amount, in law, to adverse possession.

Let the judgment be reversed.